UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-1352 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On July 6, 2017, plaintiff Carlos Castaneda filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 7, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 27, 2013, plaintiff filed an application for Supplemental Security Income alleging disability beginning on May 13, 2006, due to anxiety, psychosis, auditory hallucinations, and diabetes. (Administrative Record ("AR") 19, 210, 233). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's father, and a vocational expert on September 8, 2015. (AR 62-96).

On December 29, 2015, the ALJ determined that plaintiff had not been disabled since June 27, 2013. (AR 19-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: schizophrenia (AR 22); (2) plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with additional nonexertional limitations[1] (AR 25); (4) plaintiff had no past relevant work (AR 29); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 29-30); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 26).

On May 23, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

---

[1] The ALJ determined that plaintiff: (i) was precluded from working around heavy machinery; (ii) could never operate a motor vehicle during the workday; (iii) was limited to simple and routine, repetitive tasks; (iv) was limited to simple work-related decisions; and (v) could have occasional interaction with the public. (AR 25).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by

substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

### IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to consider the opinions plaintiff's treating psychiatrist, Dr. John Benson, expressed in a May 30, 2014 letter to plaintiff's attorney. (Plaintiff's Motion at 2-5). For the reasons discussed below, a remand or reversal is not warranted on this basis.

#### A. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological

4

consultant[s]"). 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

**B. Analysis**

Here, in his May 30, 2014 letter, Dr. Benson essentially opined that (i) plaintiff "is permanently and totally disabled due to the symptoms and impairments related to his primary diagnosis of [] Schizophrenia, Paranoid Type"; (ii) plaintiff is taking a long acting injectable anti-psychotic medication and

requires the "top dose" on a more frequent basis than usually prescribed; (iii) plaintiff "is one of the most severely ill patients [Dr. Benson] has ever treated with [this] illness," and the severity of plaintiff's condition "would correspond to . . . the very highest acuity level on the Clinical Global Index-severity rating scale[]"; and (iv) "[plaintiff's] symptoms and psychosocial deficits preclude employment[]" (collectively "Dr. Benson's Opinions"). (AR 389). Plaintiff contends that a reversal or remand is necessary because the ALJ failed properly to consider Dr. Benson's Opinions. The Court disagrees.

First, the ALJ properly rejected Dr. Benson's conclusory statements that plaintiff "is permanently and totally disabled" and that plaintiff's condition would "preclude employment." (AR 28) (citing Exhibit B8F [AR 389]); cf. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide explanation only when rejecting "significant probative evidence") (citation and quotation marks omitted). Non-medical, conclusory opinions that a plaintiff is disabled or unable to work are not binding on the Commissioner, and may be rejected outright. See Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008) ("[The] determination of a claimant's ultimate disability is reserved to the Commissioner . . . a physician's opinion on the matter is not entitled to special significance."); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citation omitted); 20 C.F.R. § 416.927(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Second, the ALJ also properly rejected Dr. Benson's Opinions because they are internally inconsistent and unsupported by the physician's own treatment notes

6

and the record as a whole. See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider.") (citations omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]"); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). For example, as the ALJ noted, Dr. Benson's treatment records reflect that plaintiff's condition significantly improved over time with medication. (See AR 352-65). Moreover, in his letter, Dr. Benson himself opined that plaintiff's medication "has shown marked effectiveness with target symptoms of suspiciousness, thought distortions, and auditory hallucinations." (AR 389). In addition, as the ALJ also noted, Dr. Benson provided no objective findings to support his opinion that plaintiff was in the "very highest acuity level on the Clinical Global Index." (AR 28, 389). Plaintiff points to nothing in Dr. Benson's treatment records for plaintiff which note plaintiff as having such an extreme acuity level. (AR 352-65). To the contrary, several times Dr. Benson documented plaintiff's "global illness severity [level]" as "medium" and opined that plaintiff was "[g]lobally improved" although "still symptomatic for [auditory hallucinations]. . . ." (AR 358 [February 21, 2014 Case Note], 362 [June 21, 2013 Case Note], 363 [March 29, 2013 Case Note], 364-65 [February 8, 2013 Case Note]). In fact, on March 21, 2014 – slightly over two months before the date of Dr. Benson's letter – Dr. Benson opined "[plaintiff] is globablly [sic] much better than I have ever seen him" (AR 357); Which is consistent with the ALJ's determination that Dr. Benson's medical records reflect that plaintiff significantly improved with medication. To the extent plaintiff

7

argues that Dr. Benson's Opinions "[are] entirely consistent with the totality of Plaintiff's record" (Plaintiff's Motion at 4), this Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Trevizo, 871 F.3d at 674-75 (citations omitted).

      Finally, the ALJ properly rejected Dr. Benson's Opinions in favor of the conflicting opinions of the state agency examining psychiatrist, Dr. Rathana-Nakintara, who essentially opined that plaintiff had no more than slight symptoms or difficulty with mental functioning (AR 27; AR 334), and the state agency mental consultants, both of whom determined that plaintiff was "limited to simple and routine repetitive tasks, simple work related decisions, and to occasional interaction with the public" (AR 27-28; AR 122, 139). The opinions of Dr. Rathana-Nakintara were supported by such psychiatrist's independent examination of plaintiff (AR 331-35), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Benson's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted). The state agency mental consultants' opinions also constituted substantial evidence supporting the ALJ's decision since they were supported by other independent medical evidence in the record, specifically Dr. Rathana-Nakintara's opinions and underlying independent examination of plaintiff. See id. (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings) (citation omitted); see, e.g., Sportsman v. Colvin, 637 Fed. Appx. 992, 995 (9th Cir. 2016) ("ALJ did not err in assigning substantial weight to the state agency medical consultant whose opinion relied on and was consistent with the medical evidence of record.") (citing id.).

      Accordingly, a reversal or remand on the asserted basis is not appropriate.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 27, 2018

                                                                  /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE